

Ilir Lecaj, Plaintiff in Propria Persona
15 Juniper Street
Ipswich, MA, 01938

# THE UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Ilir  Lecaj,  a man, | ) | |
| *Plaintiff* | ) | CASE NR: _____ |
| | ) | |
| *Vs.* | ) | VERIFIED COMPLAINT FOR DAMAGES |
| | ) | |
| CACH LLC. | ) | **JURY TRIAL DEMANDED** |
| J. A. CAMBECE LAW OFFICE, P.C. | ) | |
| Gina DESROCHERS | ) | |
| *Defendants* | ) | |

**COMES NOW,** the Plaintiff, Ilir Lecaj complaining of the defendant and each of them as follows;

## INTRODUCTION

**1.** This action is an action brought by the Plaintiff for violation Consumer Protection Laws, Fair Credit Reporting Act (15 USC 1681),  Fair Debt Collection Practices Act (15 USC 1692) and M.G.L. c. 93A §2,  940 CMR c.700.

## THE PARTIES

**2.** Plaintiff, Ilir Lecaj, is now and at all times relevant to this action an American National. Plaintiff is a "consume·" as that term is defined within 15 U.S.C. §1692a(3) and M.G.L. c. 93, §49, (940 CMR c.700).

**3.** Defendant CACH LLC; CAMBECE LAW OFFICE, P.C. and Gina Desrochers are **debt collections**, with principal place of business respectively: CACH LLC, at 4340 S MONACO ST, 2nd FLOOR, DENVER, CO 80237 and Gina Desrochers and CAMBECE LAW OFFICE, P.C at 200 Cumming Center, Suite 173D, Beverly MA. CACH LLC and CAMBECE LAW OFFICE, P.C are registered to do business in Massachusetts.

**4.** Defendants CACH LLC, Cambece Law Office P.C. and Gina Desrochers are debt collectors as the term is defined by FDCPA 1692a (6), and M.G.L. c. 93A, s. 2 (209 CMR 18.02) and furnishers of information per FCRA, 15 U.S.C. §1681s-2.

## II.      JURISDICTION AND VENUE

**5.** The US District Court has jurisdiction pursuant to 15 U.S.C.§1692 et, al, and 15 U.S.C.§1681p et, and MGL 93, Sec 24c. The court has concurrent jurisdiction over Plaintiffs tort state claims. Venue is proper as the occurrences which give rise to this action took place within the state of Massachusetts. Therefore venue is proper in the US District Court of Massachusetts.

## III.      FACTUAL ALLEGATIONS

**6.** Plaintiff brings this action regarding the defendants and each of them, in their continued attempts to collect an alleged debt defendants claim is owed to them. However Plaintiff is without knowledge of the alleged debt defendant's claim is owed.

**7.** On and about October 30, 2014 this plaintiff obtained the credit report with Experian and realized that CACH LLC started reporting trade line since March of 2014. The reporting continued up to the early December of 2014 when the Plaintiff disputed with CRA-s. **(See exhibit A).**

**8.** On and about October 16, 2014 this plaintiff obtained the credit report with Trans Union and realized that Cach LLC has inquired Plaintiff's credit report without a permissible purpose on March 20, 2014 under the Account Review, and has started reporting a trade line on March 21 of 2014. **(see exhibit B).**

**9.** On and about October 16, 2014 this plaintiff obtained credit report from Trans Union and realized the Cambece Law Office has obtained Plaintiff's credit on April 4, 2014 without a permissible purpose under the Account Review. **(Exhibit B)**

**10.** On and about April 4, 2014 this plaintiff received a dunning letter from the Defendant Cambece Law Office P.C. (See exhibit C). On this dunning letter, J.A Cambece Law Office alleges that this Plaintiff owns debt to Cach LLC but fails to provide proof of the alleged debt. **(See exhibit C)**

**11.** On and about April 28, 2014 this plaintiff sent to the Defendant, Cambece Law Office P.C., a **Dispute of Debt Letter**. On this letter, the Plaintiff asked J.A Cambece Law Office to not inquire his credit report. **(See exhibit D)**

**12.** On and about April 29, 2014 this plaintiff received from Cambece the answer of the dispute of debt. Cambece Law Office failed to verify and validate the debt. **(See exhibit E)**

**13.** On and about November 4, 2014 this Plaintiff sent a dispute letter to Trans Union and Experian. Plaintiff disputed Credit inquiries from Cambece Office and Cach LLC, and trade line being reported by Cach LLC, **(See exhibit F).**

**14.** On and about June 2, 2015 this Plaintiff obtained his wife's **Credit Report** with Trans Union and realized that Cach LLC had inquired the credit report of Plaintiff's wife. **(See exhibit G).**

**15.** On and about Dec 3, 2014 this Plaintiff obtained the new credit report from Trans Union, which is the answer of the disputed items. The trade lined Reported by Cach LLC was deleted. But the credit inquiry of Cambece Law Office and two other credit inquiries from Cach LLC are still there even after the dispute. **(See exhibit H).**

**16.** On and about Aug 31, 2015 this Plaintiff obtained his **Credit Report Answer** from Trans Union. The Plaintiff realized that all Credit Inquiries of Cach LLC were deleted but Cambece's Law Office credit inquiry is still there. **(See exhibit I).**

**17.** On and about Oct 15, 2015 this Plaintiff received a Summons from Ipswich District Court. Cach LLC being represented by Cambece Law Office had sued the Plaintiff for an alleged debt. Gina Desrochers is the attorney of record and Private Counsel for Cach LLC. **(See exhibit J).**

**18.** On and about Oct 22, 2015 this Plaintiff filed an answer of the law suit at Ipswich District Court. The same Answer was sent the same day to Cach LLC and Cambece Law Office. In this answer the Plaintiff included the answer to their law suit and a Ceased and Desist Letter. On this letter the Plaintiff, in the last paragraph warned the Defendants that: **(See exhibit K).**

*I am reminding you that; you have to satisfy the request for validation and verification within the requirement of FDCPA or otherwise it will be construed as an absolute waiver for any of your claims against me and the tacit agreement to compensate me for legal fees.*

**19.** On and about Nov 3, 2015, the Plaintiff sent a letter of **Chapter 90A Demand Letter** to Cach LLC, Cambece Law Office and Gina Desrochers as Attorney of Record and Private Counsel for Cach LLC.**(See exhibit L).** Proof of service **(see exhibit N).**

**20.** On and about Nov 11, 2015, the Gina Desrochers, council for Defendants answered the Demand letter per **Chapter 90A sent by Plaintiff on Nov 3, 2015. (See exhibit M).** Defendants did see any merit in the 30 day Demand Letter, so we were unable to resolve the matter.

**21.** On and about Oct 9, 2015 this Plaintiff ordered a UCC 11 search with Secretary of Commonwealth. The result shows that there is neither Citibank nor Cach LLC account. **(See exhibit P).**

IV.                    **FIRST CAUSE OF ACTION**
**VIOLATION OF 15 U.S.C.§1692g(a), FDCPA and 209 CMR 18.18(1)**
**FIVE DAYS WRITTEN NOTICE AFTER FIRST COMMUNICATION**
(CACH LLC.)

**22.** Paragraphs 1-21 are re-alleged as though fully set out herein.

**23.** Plaintiff is a "consumer" within the meaning of FDCPA 15 USC §1692a (3) and MGL 93 Chapter 24 and/or CMR 209, 18:02.

**24.** Plaintiff's consumer credit report is a consumer report within the meaning of the FCRA, 15 USC§1681(a)(d).

**25.** On and about Nov.5, 2015, this Plaintiff, as of condition precedent, sent Notice to defendant in compliance with M.G.L Ch. 93A Sec (9)(3) (**see, "Exhibit L"**). Proof of the service (**see "exhibit N"**) Certified letter returned receipt letter, **Cert # 7015 0640 0007 1614 7658**. In additional, the Plaintiff sent to the defendants this complaint as a draft pursue to Ch.93A Sec 9 of MGL and gave another 30 notice before filing the complaint. Therefore the defendant was afforded ample opportunity to comply with the provisions set forth in FCRA, FDCPA, MGL and CMR.

**26.** On and about Nov.14, 2015, this Plaintiff received an answer of Plaintiff's 93A Demand, from Gina Desroches on behalf of J.A. Cambece Law Office PC. Defendant's position leaves no room for negotiations and settlement, where for the Plaintiff have no other way but to file the complaint in US District Court

**27.** This Plaintiff received first communication from CACH LLC on March 15, 2014 through the Credit Report Agencies, by Trade Line reporting with Experian. There was no dunning letter received pursue to 1692g [a](1-5) and 209 CMR 18.18(1). This Plaintiff never received any dunning letter from CACH LLC. This Plaintiff did not **EVER** received dunning letter from Cach LLC.

**28.** By not sending a dunning letter to the "consumer" CACH LLC violated 15 USC 1692g(a) and 209 CMR 18.13(1).

## V.         SECOND CAUSE OF ACTION
## VIOLATION OF 15 U.S.C.§1681b(f) FCRA and MGL Ch.93, §51(3)
## UNPERMISSABLE CREDIT INQUERIES
### (CACH LLC.)

**29.** Paragraphs 1-28 are re-alleged as though fully set out herein.

**30.** Plaintiff is "consumer" within the meaning of the FCRA, 15 U.S.C.§1681a(c).

**31.** CACH LLC is a furnisher of information within the meaning of the FCRA, 15 USC. §1681s-2.

**32.** Experian and Trans Union are consumer reporting agencies as defined in 15 U.S.C. §1681(f), regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. §1681(a)(b), to third parties for monetary compensation.

**33.** Chach LLC violated FCRA by obtaining Plaintiff's credit report. FCRA's permissible purpose gives right to enquire the credit file only on behalf of the Creditor. Cahc LLC violated FCRA by making representation expressly that the consumer, Plaintiff, owes a debt to Chach LLC at that time without **substantiate the representation**. (See CFPB – ENCORE Consent Decree Orders). Cach LLC, Experian and Trans Union willfully violated the FCRA. Defendant's violations include, but are not limited to, the following:
   (a) Chach LLC willfully violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by15 U.S.C. §1681b.
   (b) Experian and Trans Union willfully violated 15 U.S.C. §1681b by furnishing Plaintiff's consumer report without a permissible purpose as defined by15 U.S.C. §1681b.

**34.** Plaintiff has suffered significant economic harm as a result of the erroneous credit reporting and failure to verify and or validate their alleged debt although requested.

**35.** WHEREFORE, Plaintiff demands judgment for damages against CACH LLC for actual or statutory damages $1000 per violation, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n.

## VI.        THIRD CAUSE OF ACTION
## VIOLATION OF 15 U.S.C.§1681i FCRA, MGL c.93 §54A(a)
## INACURATE INFORMATION - TRADE LINE REPORTING
### (CACH LLC.)

**36.** Paragraphs 1-35 are re-alleged as though fully set out herein.

37. Plaintiffs are "consumers" within the meaning of the FCRA, 15 U.S.C.§1681a(c).

38. Defendants CACH LLC is a "furnisher" within the meaning of the 15 U.S.C.§1681s-2. The term "furnisher" is not defined in the FCRA. The term is generally understood; **Furnishers** are entities that provide information about their customer to CRA-s. 15 USC§1681s-2(a) prohibits furnishers from reporting inaccurate or erroneous information about consumers. As such, it placed an affirmative duty on furnishers to correct and update information which they know, or reasonably should know, is inaccurate. The subsection requires furnishers to flag or otherwise provide notice to credit reporting agencies of any "dispute" by a consumer related to his or her credit information or history, FCRA, 15 USC§1681s-2(a)(1)-(3). Plaintiffs consumer credit report is a consumer report within the meaning of 15 U.S.C. §1681a (d).

39. The FCRA, 15 U.S.C. 1681s-2(b) has Obligations regarding credit furnishers to investigate consumers disputes. Subsection 1681s-2(b) specifies a second set of obligations on a furnisher. These obligations are triggered once a credit reporting agency (CRA) notifies the furnisher that it has received a "notice of dispute" from the consumer pursuant to 15 U.S.C. § 1681s-2(a)(2). After the disputes are received by a CRA from a consumer, it, in turn, is required under § 1681i of the FCRA to forward a consumer dispute verification (CDV) form to the furnisher, requiring it to verify the credit information and investigate its accuracy. After receiving notice of such a dispute from a CRA, the furnisher CACH LLC had the mandatory duty to conduct **"an investigation"** with respect to the disputed information; after the investigation, CACH LLC came back with result that the **Trade Line** that was being reported from March 21, 2014 to Dec 2, 2014 with Trans Union was **inaccurate and deleted the "account" from Plaintiff's file**.

40. The Plaintiff disputed the trade line reporting and the credit inquiries of Cach LLC. Cach LLC does not need to honor a dispute received directly from the consumer, whether oral or written, under the FCRA. Such a dispute, it should be noted, likely does create a legal obligation under §1692g of the FDCPA which Plaintiffs served upon defendant Cach LLC.

41. By deleting that inaccurate information, CHAC LLC has admitted that CAN NOT VERIFY and / or VALIDATE the alleged debt; there is no **"account"** and there is no **"alleged debt"** owned by the Plaintiffs.

# VII.      FOURTH CAUSE OF ACTION
## VIOLATION OF 15 U.S.C.§1681 FCRA and MGL Ch.93, §51(3)
### (CAMBECE LAW OFFICE.)

42. Paragraphs 1-41 are re-alleged as though fully set out herein.

**43.** Plaintiff is a "consumer" within the meaning of FDCPA 15 USC §1692a (3) and MGL 93 Chapter 24 and/or CMR 209, 18:02.

**44.** Defendant J.A Cambece Law Office is a **"debt collector"** within the meaning of the FDCPA 15 USC 1692a(6) and CMR 209, 18:02. The word **"debt collector"** is not defined under the FCRA.

**45.** Defendant J.A Cambece Law Office is NOT a creditor within the meaning of the FDCPA 15 USC 1692a(6) and CMR 209, 18:02.

**46.** Trans Union consumer reporting agencies as defined in  15 U.S.C. §1681(f), regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. §1681(a)(b), to third parties for monetary compensation.

**47.** J.A Cambece Law Office inquired Plaintiff's credit on April 3, 2014 with Trans Union under the account review chapter. Pursue to FCRA the Account Review is reserved

**48.** J.A Cambece Law Office and Trans Union willfully violated the FCRA. Defendant's violations include, but are not limited to, the following:
   **(a)** J.A Cambece Law Office willfully violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by15 U.S.C. §1681b.
   **(b)** Trans Union willfully violated 15 U.S.C. §1681b by furnishing Plaintiff's consumer report without a permissible purpose as defined by15 U.S.C. §1681b.

**49.** WHEREFORE, Plaintiff demands judgment for damages against J.A Cambece Law Office for actual or statutory damages $1000 for violation, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n.

# VIII.                        FIFTH CAUSE OF ACTION

## VIOLATION OF 15 U.S.C.§1692 FDCPA and 208 CMR 18.00

### (CACH LLC, J.A CAMBECE LAW OFFICE, GINA DESROCHERS.)

**50.** Paragraphs 1-49 are re-alleged as though fully set out herein.

**51.** Plaintiff is a "consumer" within the meaning of FDCPA 15 USC §1692a (3) and MGL 93 Chapter 24 and/or CMR 209, 18:02.

**52.** Defendant CACH LLC, J.A Cambece Law Office and Gina Desrochers are **"debt collectors"** within the meaning of the FDCPA 15 USC 1692a(6) and CMR 209, 18:02.

**53.** Defendants CACH LLC, J.A Cambece Law Office and Gina Desrochers violated 15 UCS 1692e and 940 CMR 7.07 by: *"use any false, deceptive, or misleading representation or means in connection with the collection of any debt"* when they seek to collect from consumers without first verifying the underlying debt.

**54.** Massachusetts Consumer Protection Laws and FDCPA were passed to help, give remedy and stop the abuse of the debt collectors with unsophisticated consumers. This Plaintiff is very confused with Citi Bank of North Dakota, Cach LLC, J.A.Cambece and Gina Desrochers. There is not a bit of any evidence that shows any chain of transfer, assignment, retain, sale or placement. This Plaintiff has received ZERO notification from any of entities that gives J.A.Cambece any standing to collect the "alleged debt". It is my believe that in all these "communications" there are "false, deceptive and misleading" means to collect an "alleged debt.

**55.** Defendants CACH LLC, J.A Cambece Law Office and Gina Desrochers were served Notice of Dispute in compliance with 15 USC 1692g. 16 USC 1692g(5)(b) requires the defendants to cease all collection activity until the debt collector obtains verification of the alleged debt. Defendants have failed to provide any proof of their alleged debt, however, defendants continue to make attempts at collection of the alleged debt through erroneous credit reporting credit inquires and filing law suit.

**56.** Defendant CACH LLC, violated 15 USC 1692e(9) and 209 CMR 18.16(8) by reporting false "trade lines" with two major credit reporting agencies Experian and Trans Union, which in part says;
> *(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.*

**57.** Defendants J.A Cambece Law Office and Gina Desrochers violated 15 USC 1692c(c) and 209 CMR 18.14(3) by continuing to communicate with the Plaintiff after the dispute of debt,
> *(c) Ceasing communication*
> *If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except....*

**58.** Defendants CACH LLC, J.A Cambece Law Office and Gina Desrochers were fully aware that they were unable to provide a performance contract executed by Plaintiff, whereby the plaintiff is obligated to the defendants Cach LLC, Cambece Law Office and attorney of record Gina Desrochers.

**59.** Therefore defendants are liable to Plaintiffs for damages to their consumer credit reports which resulted in higher auto insurance premiums, higher interest rates, intentional infliction of emotional distress, insomnia, embarrassment, loss of sleep, anxiety, and other related damages due to defendant's

acts. Defendants are therefore liable unto Plaintiff pursuant to 15 USC§1692k and MGL 93A §9 in the amount of $1000.00 plus punitive, consequential, and actual damages.

## IX.               SIXTH CAUSE OF ACTION
## INVASION OF PRIVACY – VIOLATION OF MGL Ch.93, §66
### (CACH LLC, J.A CAMBECE LAW OFFICE, GINA DESROCHERS.)

**60.** Paragraphs 1-59 are re-alleged as though fully set out herein.

**61.** Defendants CACH LLC, J.A CAMBECE LAW OFFICE, GINA DESROCHERS are a "debt collectors" and a stranger to the Plaintiffs. Plaintiff's has no contractual relationship with any of these defendants, and has never applied for credit or services with the defendants.

**62.** On or about March 20, 2014, defendant CACH LLC, on April 4, 2014 J.A Cambece Law Office and Nov 25, 2014 Cach LLC illegally obtained Plaintiffs consumer credit reports of mine and my wife's (see, "Exhibit G" ). Defendants CACH LLC, J.A CAMBECE LAW OFFICE and GINA DESROCHERS are NOT creditors, therefore the illegally obtained Plaintiff's consumer credit reports constitutes a Tort claim for Invasion of Privacy.

**63.** The Plaintiff's right to privacy is also an enumerated Constitutional right, both in the Commonwealth and Federal Constitution. Plaintiff has been damaged in that their proprietary, confidential, most personal information was unlawfully and illegally breached by defendants CACH LLC, J.A CAMBECE LAW OFFICE and GINA DESROCHERS. Importantly Plaintiff is most concerned with the fact that Plaintiff "did not" provide his and his wife's social security numbers to either defendant. Plaintiff supports this assertion by the mere fact that no credit, application or services was applied nor received from the defendants.

**64.** Plaintiff has the right to discovery, to determine where Defendant obtained their personal, private information from. Specifically Plaintiff will investigate through COMPLAINT FOR DAMAGES discovery where defendant obtained Plaintiff's social security number from, and what additional proprietary information was obtained by the defendant illegally and unlawfully, and how that information is being used. Defendants CACH LLC, J.A CAMBECE LAW OFFICE and GINA DESROCHERS may also be guilty of identity theft under state and federal law.

**65.** Massachusetts further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Massachusetts General Law Chapter 93, §66 that says:

> *Section 66. Any person who knowingly and willfully obtains information relative to a consumer from a consumer reporting agency under false pretenses shall be punished by a fine of not more than $5,000 or by imprisonment for not more than one year, or both.*

**X.**                     **SIXTH CAUSE OF ACTION**
**COLLECTING DEBT WITHOUT LICENCE**
**VIOLATION OF MGL Ch.93, §24A AND 209 CMR 18.04**
(CACH LLC, J.A CAMBECE LAW OFFICE, GINA DESROCHERS.)

**66.** Paragraphs 1-65 are re-alleged as though fully set out herein.

**67.** M.G.L. c. 93, §24 through 28 and 209 CMR 18.04 operation in the Commonwealth of Massachusetts as "debt collectors" without being licensed to carry this business.
M.G.L. c. 93, §24A in general says:

*(a) No person shall directly or indirectly engage in the commonwealth in the business of a debt collector, or engage in the commonwealth in soliciting the right to collect or receive payment for another of an account, bill or other indebtedness, or advertise for or solicit in print the right to collect or receive payment for another of an account, bill or other indebtedness, without first obtaining from the commissioner a license to carry on the business, nor unless the person or the person for whom he or it may be acting as agent has on file with the state treasurer a good and sufficient bond.*

And M.G.L. c. 93, §24H (b) partially says:
*A violation of this chapter shall also be a violation of chapter 93A.*

**PLAINTIF DEMANDS**
**WHEREFORE,**

Plaintiff demands judgment be entered against Defendants: CACH LLC, J.A CAMBECE LAW OFFICE, GINA DESROCHERS

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) per violation;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Statutory violations and actual damages, punitive damages, attorney's fees and costs of $4,000, pursuant to 15 U.S.C. §1681n (a) (3) and 15 U.S.C. §1681o (a).

5. Statutory violations pursuant MGL Ch. 93 Sec.66 - $5,000 for invasion of privacy.

6. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 3(A);

7. Punitive damages, compensatory damages in an amount determine by law;

8. Such other and further relief as may be just and proper determine by law, at trial, or by the court.

**I state under penalty of perjury, under the laws of the United States of America that the forgoing is true and correct.**

Date _Dec 1, 2015_          By _Lecaj, Ilir_

Consumer, Plaintiff

## JURAT

Commonwealth of Massachusetts      )

Essex county                                         )

I, _Angela Bocchetti_, Notary Public, do hereby affirm that, the above individual,
_Ilir Lecaj_, presented to me sufficient proof of his identity
( _Passport Card_ ), did signed before me on this _1_ day of _December_ month, of 2015.

Notary public: _Angela Bocchetti_

WITNESS my hand and official seal.

_Angela Bocchetti_

Signature of Notary Public